## PHŒNIX CAP CO. v. REISS et al.

'(Circuit Court, S. D. New York. December 1, 1905.)

PATENTS—INFRINGEMENT—HERMETICALLY SEALED JARS.

The Weissenthanner patent, No. 483,033, for a hermetically sealed jar, if conceded patentable novelty, is for a combination of elements all of which were old, and its claims must be strictly construed, and limited to the precise combination shown. As so construed *held* not infringed.

In Equity. Suit for infringement of letters patent No. 483,033 for a hermetically sealed jar, granted to Achille Weissenthanner. On final hearing.

Kenyon & Kenyon, for complainant.

Wm. F. Hall and Wm. Wallace White, for defendants.

WALLACE, Circuit Judge. The patent in suit is for an improvement for hermetically sealed jars. Broadly considered, the elements of the claims are:

(1) A jar having a projecting rim.

(2) An outer covering, having an annular recess in its rim.

(3) An interposed cover, having a rim adapted to fit the rim of the jar.

(4) A gasket or elastic ring in the annular recess of the outer cover. And

(5) A collar to embrace the rims of the cover and the jar, and hold them locked together.

All of these elements were old separately. Most of them were old in combination, although in the patents for sealed jars of the prior art the gasket was generally held between the rim of the cover and the rim of the jar, and not between the rim of the cover and the rim of an interposed cover. But, as appears in the prior English patent to Gedge, No. 9146, all of the elements were old in combination and old in mode of operation. In that patent, as well as in the patent in suit, the gasket is inserted between the upper and lower covers, and assists to hold the latter by an elastic pressure firmly in place upon the rim of the jar.

The departure of the patent in suit consists in the new form of the parts. Whereas in the Gedge patent the rim of the jar is horizontal at the inner portion and downwardly inclined at the outer portion, in the patent in suit it is downwardly inclined at the inner portion and horizontal at the outer portion. In both patents the rim of the jar and the rim of the upper cover is of a form to fit the peculiar form of the gasket which is to be inserted between them, and the lower cover is also of a form to make room for the gasket and fit the rim of the jar. In both the purpose of the gasket is to afford a packing between the upper cover and the lower cover. In the Gedge patent the rim of the lower cover does not extend over the whole of rim of the jar, and beyond the point to which it extends the gasket is in direct contact with the rim of the jar. This arrangement would seem to be preferable, as it affords a tighter sealing to the jar than would be practicable if the lower cover extended completely across the rim of the jar. Indeed, the expert for the complainant admits

that with a rigid material like tin plate it would be practically impossible to cover the rim.of a glass or earthenware jar, so as to prevent the access of air to the contents.; and'he therefore argues that what is called in the patent "a tin diaphragm" and a "cap or tin cover" should be read as meaning a diaphragm of tin foil, such as was shown in the prior patent to Gillingham. The drawings of the patent in suit, as well as the language‹of the description, show that such a reading is not the correct one, because it is obvious that with the use of such a tin foil diaphragm it would be unnecessary to make its rim of any particular form, and the.desired'form could be given to it perfectly by merely pressing the contracting parts together in sealing the jar.

In the patent in suit the gasket is triangular in cross-section, and the rim of the upper cover has a V-shaped annular recess, while in the Gedge patent' the gasket is approximately rectangular and grooved at the upper surface, and the rim of the upper cover has corresponding annular grooves. No evidence was offered by the complainant that the patented invention had ever been put to any commercial use. It is difficult to see how it could have been any advance upon the·prior art. But it is unnecessary to pass upon the question of the. patentable novelty of the claims, because it is manifest that upon the strict construct.·ɔn which must be given to them they have not been infringed by thɛ defendants.

The rim of the defendants' jar is not the rim of the ·patent, but is substantially the rim of the prior Mason patent. The rim of the upper cover is like that shown in the Mason patent, and does not have any 'V-shaped annular recess to receive the gasket. The defendants' jar does not have the gasket of the patent in suit, but the ordinary flat packing ring of the prior art, instead of the V-shaped gasket of the patent. The defendants' jar does not .have the interposed cover of the patent, its diaphragm being of tin foil, and in this respect not differing substantially from the interposed cover in the prior patents to Crary and to Gillingham.

The bill is dismissed, with costs.